UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>-against-<br><br>SPARK ENERGY HOLDINGS, LLC, SPARK ENERGY, L.P., and SPARK ENERGY GAS, LP,<br><br>*Defendants.* | Civil No. 13 6130<br><br>CLASS-ACTION COMPLAINT<br><br>ROSS, J.<br><br>BLOOM, M.J. |

## PRELIMINARY STATEMENT

1. Since at least October, 2011, Defendants have made, or authorized to be made, thousands of unsolicited telemarketing calls to residential telephone lines. These calls played a prerecorded message that advertised Defendants' gas- and electric-billing services (the calls will be referred to as the "Spark Energy Robocalls").

2. The Spark Energy Robocalls violate the federal Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"); specifically, Section 227(b)(1)(B) of the TCPA, which makes it unlawful to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party."

3. Plaintiff brings this action individually and as a class action on behalf of all persons who received one or more Spark Energy Calls, other than Defendants, their officers, employees, and representatives, and their families (the "TCPA Class"), during the period beginning four years prior to the commencement of this action until the present (the "TCPA Class Period").

4. Plaintiff also brings this individually and as a class action on behalf of all persons

who received a Spark Energy Robocall on a New York telephone number (*i.e.* a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929), other than Defendants, their officers, employees, and representatives, and their families (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date on which this action is commenced (the "New York Class Period").

5. Plaintiff seeks, individually and on behalf of the other TCPA Class Members, statutory damages, injunctive relief, attorney's fees, and costs.

6. Plaintiff seeks, individually and on behalf of the other New York Class Members, statutory damages, injunctive relief, attorney's fees, and costs.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's federal-law claims under 28 U.S.C. § 1331, and has jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

9. Plaintiff, Todd C. Bank, was and is at all relevant times a citizen of the State of New York.

10. Defendant, Spark Energy Holdings, LLC, was, and is at all relevant times herein, the general partner of Spark Energy, L.P. and Spark Energy, Gas LP, and is a limited-liability company existing under the laws of Texas, and maintains its principal offices at 2105 City West Boulevard, Suite 100, Houston, Texas 77042. Spark Energy Holdings, LLC is a citizen of Texas.

11 Defendant, Spark Energy, L.P., was, and is at all relevant times herein, a partnership organized and existing under the laws of Texas, and maintains its principal offices

at 2105 City West Boulevard, Suite 100, Houston, Texas 77042. Spark Energy, L.P. is a citizen of Texas.

12. Defendant, Spark Energy Gas, LP, was, and is at all relevant times herein, a partnership organized and existing under the laws of Texas, and maintains its principal offices at 2105 City West Boulevard, Suite 100, Houston, Texas 77042. Spark Energy Gas, LP, is a citizen of Texas.

## FACTS

13. On or about October 4, 2011, Plaintiff received a Spark Energy Robocall.

14 The telephone number on which Plaintiff received the aforementioned Spark Energy Robocall was a New York telephone number.

15. During the Class Period, thousands of Spark Energy Robocalls were made.

16. During the Class Period, thousands of Spark Energy Robocalls were made to New York telephone numbers.

17. Neither Plaintiff nor the other Class Members had given Defendants prior express invitation or permission to make Spark Energy Calls to them.

18. Neither Plaintiff nor the other Class Members had, prior to receiving their Spark Energy Robocalls, an established business relationship with any Defendant or any third party that made such calls.

19. None of the Spark Energy Robocalls stated, at the beginning of the call, the name of the person or on whose behalf the message was being transmitted.

20. None of the Spark Energy Robocalls stated, at the end of such message, the address and telephone number of the person on whose behalf the message was transmitted.

## FIRST CAUSE OF ACTION

21.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "20" inclusive of this Complaint as if fully set forth herein.

22.     The placement of telephone calls to Plaintiff and Members of the TCPA Class, as set forth above, violated 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2).

23.     Based upon the foregoing, Plaintiff and Members of the TCPA Class are entitled to statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 227(b)(3)(C).

24.     Based upon the foregoing, Plaintiff and Members of the TCPA Class are entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2).

## SECOND CAUSE OF ACTION

25.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "20" inclusive of this Complaint as if fully set forth herein.

26.     The placement of telephone calls to Plaintiff and Members of the New York Class, as set forth above, violated New York General Business Law § 399-p(3)(a).

27.     Based upon the foregoing, Plaintiff and Members of the New York Class are entitled to statutory damages pursuant to New York General Business Law § 399-p(9).

28.     Based upon the foregoing, Plaintiff and Members of the New York Class are entitled to an Order, pursuant to New York General Business Law § 399-p(9), enjoining Defendant from violating New York General Business Law § 399-p(3)(a).

## CLASS ALLEGATIONS

29.     Plaintiff brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and as a class action on behalf of all persons to whose

residential telephone lines Defendants placed one or more telephone calls using an artificial or prerecorded voice that delivered a message that advertised the commercial availability or quality of property, goods, or services, other than Defendants, their officers, employees, and representatives, and their families (the "TCPA Class"), during the period beginning four years prior to the commencement of this action until the present (the "TCPA Class Period").

30. Plaintiff brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and as a class action on behalf of all persons who received a Spark Energy Robocall on a New York telephone number (*i.e.* a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929), other than Defendants, their officers, employees, and representatives, and their families (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date on which this action is commenced (the "New York Class Period").

31. The Members of the Classes are so numerous that joinder of all Members is impracticable.

32. Plaintiff believes there are thousands of individuals whose claims are similar to Plaintiff's claims, and, furthermore, that Plaintiff's claims are typical of the claims of absent Class Members. Members of the Classes have sustained damages arising out of Defendants' wrongful conduct in the same manner that Plaintiff has sustained damages arising out of Defendants' unlawful conduct.

33. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Plaintiff's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

34. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Plaintiff knows of no impediments to the effective management of this action as a class action.

35.. Common questions of law and fact predominate over questions that affect only individual TCPA Class Members. Among the questions of law and fact common to the TCPA Class are:

> (i) whether Defendants placed telephone calls using an artificial or prerecorded voice that delivered a message to residential telephone lines;
>
> (ii) whether the messages contained in the telephone calls placed by Defendants were "advertisements" under the TCPA;
>
> (iii) whether Defendants willfully or knowingly violated the TCPA;
>
> (iv) whether the Members of the Class are entitled to damages, and, if so, how much; and
>
> (v) whether the Members of the Class are entitled to injunctive relief.

36. Common questions of law and fact predominate over questions that affect only individual New York Class Members. Among the questions of law and fact common to the New York Class are:

> (i) whether the Spark Energy Robocalls stated, at the beginning of the call, the name of the person or on whose behalf the message was being transmitted; and

(ii) whether the Spark Energy Robocalls stated, at the end of such message, the address and telephone number of the person on whose behalf the message was transmitted.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) Awarding Plaintiff and the other Members of the Class statutory damages of $500.00 pursuant to 47 U.S.C. §§ 227(b)(3)(B), with interest as allowed by law:

(b) Awarding Plaintiff and the other Members of the Class up to $1,000.00 of statutory damages pursuant to 47 U.S.C. §§ 227(b)(3)(C), in addition to the statutory damages prayed for in the aforementioned paragraph, if the Court finds that Defendants' violations were made knowingly or willfully, with interest as allowed by law;

(c) Issuing an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2);

(d) Awarding Plaintiff and the other Members of the New York Class statutory damages of $50 of pursuant to New York General Business Law § 399-p(9);

(e) Issuing an Order, pursuant to New York General Business Law § 399-p(9), enjoining Defendants from violating New York General Business Law § 399-p(3)(a); and

(f) Awarding to Plaintiff the costs and disbursements of this action, and reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated: November 4, 2013

Yours, etc.,

TODD C. BANK
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125

Plaintiff Pro Se

_____
TODD C. BANK