UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TODD C. BANK,

                Plaintiff,

    -against-

SPARK ENERGY HOLDINGS, LLC,
SPARK ENERGY, L.P., and SPARK
ENERGY GAS, LP,

                Defendants.

CIVIL ACTION NO. 1:13-CV-06130-ARR-LB

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS**

---

Benjamin Pergament
BAKERHOSTETLER, LLP
45 Rockefeller Plaza
New York, New York 10111
(212) 589-4200
(212) 589-4201 (fax)
bpergament@bakerlaw.com

Of Counsel:

Michelle D. Pector
Joshua C. Thomas
BAKERHOSTETLER, LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Tel: 713 751-1600
Fax: 713 751-1717
mpector@bakerlaw.com

March 7, 2014

*Attorneys for Defendants Spark Energy Holdings, LLC, Spark Energy, L.P. and Spark Energy Gas, LP*

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................................... 2

LEGAL STANDARD ..................................................................................................................... 3

ARGUMENT .................................................................................................................................. 4

    A.    Judge Harmon's Dismissal Based on Lack of Subject Matter Jurisdiction is Preclusive .................................................................................................... 4

    B.    Bank's Individual TCPA Claim is Moot ................................................................ 6

    C.    Bank Cannot Maintain TCPA Class Claims ........................................................... 7

    D.    Bank's TCPA Claims Are Barred by Collateral Estoppel ...................................... 9

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abrams v. Interco Inc.*,
   719 F.2d 23 (2d Cir. 1983) ............................................................................................. 6, 7

*AEC One Stop Grp., Inc. v. Bain Capital Fund IV L.P.*,
   9 F. App'x 53 (2d Cir. 2001) ............................................................................................. 4

*Allen v. Wright*,
   468 U.S. 737 (1984) .......................................................................................................... 8

*AmBase Corp. v. City Investing Co. Liquidating Trust,*
   326 F.3d 63 (2d Cir. 2003) ................................................................................................ 4

*Amgen, Inc. v. United States Int'l Trade Comm'n*,
   902 F.2d 1532 (Fed. Cir. 1990) ......................................................................................... 6

*Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury*,
   270 F. App'x 52 (2d Cir. 2008) ......................................................................................... 4

*Bear, Stearns & Co., Inc., Bear, Stearns Securities Corp., v. 1109580 Ontario, Inc.*,
   409 F.3d 87 (2d Cir. 2005) ........................................................................................... 9, 10

*Boone v. Kurtz*,
   617 F.2d 435 (5th Cir. 1980) .......................................................................................... 5, 6

*Briggs v. Arthur T. Mott Real Estate LLC*,
   No. 06-0468, 2006 WL 3314624 (E.D.N.Y. Nov. 14, 2006) ............................................ 6

*Comer v. Murphy Oil USA, Inc.*,
   718 F.3d 460 (5th Cir. 2013) ............................................................................................. 5

*Conopco, Inc. v. Roll Int'l.*,
   231 F.3d 82 (2d Cir. 2000) ................................................................................................ 4

*Corbett v. MacDonald Moving Servs., Inc.*,
   124 F.3d 82 (2d Cir. 1997) ................................................................................................ 5

*Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*,
   502 F.3d 91 (2d Cir. 2007) ................................................................................................ 8

*Day v. Moscow,*
   955 F.2d 807 (2d Cir.), *cert. denied,* 506 U.S. 821 (1992) ............................................... 4

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d Cir. 2006) .............................................................................................. 8

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Doyle v. Midland Credit Mgmt., Inc.*,
   722 F.3d 78 (2d Cir. 2013)...........................................................................................6, 7

*Fox v. Bd. of Trs. of State Univ. of N.Y.*,
   42 F.3d 135 (2d Cir. 1994)................................................................................................8

*Goad v. United States*,
   46 Fed. Cl. 395 (Fed. Cl. 2000) ........................................................................................5

*Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*,
   456 U.S. 694 (1982)..........................................................................................................4

*Lynch v. Baxley*,
   744 F.2d 1452 (11th Cir. 1984) .........................................................................................8

*McCarthy v. Dun & Bradstreet Corp.*,
   482 F.3d 184 (2d Cir. 2007)..............................................................................................4

*Monahan v. New York City Dep't of Corr.*,
   214 F.3d 275 (2d Cir. 2000)..........................................................................................9, 10

*Nemaizer v. Baker*,
   793 F.2d 58 (2d Cir. 1986)................................................................................................5

*O'Shea v. Littleton*,
   414 U.S. 488 (1974)..........................................................................................................8

*Pantoja v. Banco Popular*,
   --- F. App'x ---No. 12-3967, 2013 WL 5858115 (2d Cir. Nov. 1, 2013)..........................4

*PBA Local No. 38 v. Woodbridge Police Dep't*,
   134 F.R.D. 96 (D.N.J. 1991).........................................................................................8, 9

*Presser v. Key Food Stores Co-Op., Inc.*,
   316 F. App'x 9 (2d Cir. 2009)...........................................................................................8

*Stengel v. Black*,
   486 F. App'x 181 (2d Cir. 2012).......................................................................................4

*Transaero, Inc. v. La Fuerza Aerea Boliviana*,
   162 F.3d 724 (2d Cir. 1998)..............................................................................................3

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
   549 F.3d 100 (2d Cir. 2008)..............................................................................................8

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Ward v. Bank of New York*,
   455 F. Supp. 2d 262 (S.D.N.Y. 2006)..................................................................................7

*Warth v. Seldin,*
   422 U.S. 490 (1975)..............................................................................................................8

*Wyly v. Weiss*,
   697 F.3d 131 (2d Cir. 2012).................................................................................................3

*Zoriano Sanchez v. Caribbean Carriers Ltd.*,
   552 F.2d 70 (2d Cir. 1977)...................................................................................................5

**RULES**

FED. R. CIV. P. 12(b)(1) ...............................................................................................................1, 10

FED. R. CIV. P. 12(b)(6) ...........................................................................................................1, 4, 10

FED. R. CIV. P. 23 ..............................................................................................................................8

FED. R. CIV. P. 68 ..................................................................................................................1, 2, 6, 7

**OTHER AUTHORITIES**

H. Newberg, *Newberg On Class Actions* § 2.05 (2nd Ed. 1985).......................................................8

RESTATEMENT OF JUDGMENTS 2d, §68 (1973).................................................................................5

ARTICLE III OF THE U.S. CONSTITUTION....................................................................................7, 8

Defendants Spark Energy Holdings, LLC, Spark Energy, L.P., and Spark Energy Gas, LP (collectively, "Spark Energy" or "Defendants"), by and through their attorneys, Baker & Hostetler LLP, respectfully submit this memorandum of law in support of their Motion to Dismiss Plaintiff's Telephone Consumer Protection Act ("TCPA") claims under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, and state as follows:

## PRELIMINARY STATEMENT

The TCPA claims of Plaintiff Todd C. Bank ("Bank") must be dismissed under principles of res judicata and collateral estoppel because the exact same claims, involving the exact same parties and arising out of the exact same facts, were previously litigated and dismissed in the U.S. District Court for the Southern District of Texas.  The precise issue before the Court is whether Spark Energy's prior offer of judgment under Rule 68 of the Federal Rules of Civil Procedure moots Bank's individual TCPA claim, thus divesting the Court of subject matter jurisdiction over that claim.  In the prior lawsuit between the same parties and involving the same facts, Judge Melinda Harmon of the Southern District of Texas determined that Spark Energy's Rule 68 offer mooted Bank's individual TCPA claim, and therefore the court lacked subject matter jurisdiction.  Declaration of Benjamin D. Pergament in Support of Defendants' Motion to Dismiss ("Pergament Decl."), Ex. 4 (Order of Dismissal), at p. 22.

By attempting to assert the same individual TCPA claim in this Court, Bank is attempting to relitigate the same issue, in total disregard of Judge Harmon's order, and to somehow revive the exact same individual TCPA claim that is moot.  Nothing has changed to revive Bank's moot TCPA claim.  The individual TCPA claim was moot in Texas, and it is still moot here.  Bank cannot relitigate the issue of federal subject matter jurisdiction over his individual TCPA claim because the jurisdictional decision in the prior action is entitled to preclusive effect in this Court.

Similarly, Bank cannot maintain TCPA class claims because he has no individual claim to assert, and thus all of his TCPA claims must be dismissed.

## FACTUAL BACKGROUND

On November 21, 2011, Bank filed a lawsuit in the U.S. District Court for the Southern District of Texas, in which he asserted the exact same TCPA class action claims that are asserted in this case. Pergament Decl., Ex. 1 (Complaint in the S. District of Tex.). The parties to the two lawsuits are completely identical. *Compare* Pergament Decl., Ex. 6 (Complaint in the E.D.N.Y.), at ¶9-12 *with* Ex. 1, at ¶6-9. The factual allegations in both complaints are virtually identical. *Compare* Pergament Decl., Ex. 6, at ¶1, 13-20 *with* Ex. 1, at ¶10-12. Even though Bank alleges (both in Texas and in this Court) that he received only one telephone call in October 2011, and admits that the recorded message does not mention Spark Energy at all (*see* Pergament Decl., Ex. 6, at ¶13, 19 and Ex. 1, at ¶10), Bank claims that thousands of others received similar calls from Spark Energy, and purported in both lawsuits to bring a class-action lawsuit on behalf of himself and thousands of others.

For nearly two years, Spark Energy defended itself in the Texas litigation against Bank's claims. During that time, Bank failed to produce any competent evidence that Spark Energy or anyone acting on its behalf placed the call to him. Further, as Judge Harmon observed in her Order of Dismissal, Bank failed to present any evidence that any calls were made to any purported, unidentified class members. *See* Pergament Decl., Ex. 4, at p. 17 ("Spark Energy further points out that Bank has yet to identify a single class member, and Bank has not responded to that challenge.").

On May 10, 2013, Spark Energy tendered an offer of judgment under Rule 68. Pergament Decl., Ex. 2 (Rule 68 Offer). The offer of judgment was for $10,000 in damages and included injunctive relief that Bank sought in his Complaint. *See id*. Spark Energy's Rule 68

2

offer satisfied all individual damages and injunctive relief sought in Bank's Complaint in the prior action. Pergament Decl., Ex. 4, at p. 9. On May 15, 2013, Bank rejected the offer. Pergament Decl., Ex. 3 (Email from T. Bank).

On October 18, 2013, Judge Harmon dismissed Bank's case in its entirety in a final judgment, with prejudice, including his individual and class action claims. Pergament Decl., Ex. 4, at p. 22 & Ex. 5. The basis for Judge Harmon's dismissal was that Bank's individual TCPA claim was moot because Spark Energy had made an offer of judgment that would fully satisfy the claim. Pergament Decl., Ex. 4, at p. 11. Further, Bank had not moved to certify the purported class despite having had 23 months to do so, and Judge Harmon found that he could no longer timely move for class certification; therefore the entire TCPA class action was moot under Fifth Circuit law. *Id.* at p. 22. Thus, the case was dismissed for lack of subject matter jurisdiction. *Id.* Despite having his prior lawsuit dismissed with prejudice, Bank now seeks to relitigate the TCPA claims in this suit.

## **LEGAL STANDARD**

"The related doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) are meant to protect parties from having to relitigate identical claims or issues and to promote judicial economy." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir. 1998). "Res judicata bars litigation of any claim for relief that was available in a prior suit between the same parties or their privies, whether or not the claim was actually litigated." *Id.* "Collateral estoppel bars a party from raising a specific factual or legal issue in a second action when the party had a full and fair opportunity to litigate the issue in a prior proceeding." *Id.*

The preclusive effect of a federal court's judgment issued pursuant to its federal question jurisdiction is governed by the federal common law of preclusion. *Wyly v. Weiss*, 697 F.3d 131,

3

140 (2d Cir. 2012). When a complaint is barred by res judicata or collateral estoppel, the Court may dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury*, 270 F. App'x 52, 53 (2d Cir. 2008) ("When a defendant raises the affirmative defense of res judicata or collateral estoppel and it is clear from the face of the complaint ... that the plaintiff's claims are barred as a matter of law, dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate.") (quoting *Conopco, Inc. v. Roll Int'l.,* 231 F.3d 82, 86-87 (2d Cir. 2000)); *see also Pantoja v. Banco Popular*, --- F. App'x ---No. 12-3967, 2013 WL 5858115, at *1 (2d Cir. Nov. 1, 2013) (citing *AmBase Corp. v. City Investing Co. Liquidating Trust,* 326 F.3d 63, 72 (2d Cir. 2003)). In deciding a motion to dismiss under Rule 12(b)(6) based on res judicata or collateral estoppel, the Court may review not only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference," *see McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir. 2007), but also other judicial documents that might provide the basis for claim preclusion or issue preclusion. *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir.), *cert. denied,* 506 U.S. 821 (1992).

## ARGUMENT

### A. Judge Harmon's Dismissal Based on Lack of Subject Matter Jurisdiction is Preclusive

It is well settled under both Second Circuit and Fifth Circuit law that a finding by one court that there is no subject matter jurisdiction is to be given preclusive effect in other federal courts, and the jurisdictional finding is not subject to collateral attack. *Stengel v. Black*, 486 F. App'x 181, 183 (2d Cir. 2012) (quoting *Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 n. 9 (1982) ("It has long been the rule that principles of *res judicata* apply to jurisdictional determinations—both subject matter and personal."); *AEC One*

4

*Stop Grp., Inc. v. Bain Capital Fund IV L.P.*, 9 F. App'x 53, 55 (2d Cir. 2001); *Corbett v. MacDonald Moving Servs., Inc.*, 124 F.3d 82, 88-89 (2d Cir. 1997) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not ... reopen that question in a collateral attack upon an adverse judgment."); *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986) ("[A] court's determination that it has jurisdiction of the subject matter is *res judicata* on that issue, if the jurisdictional question actually was litigated and decided, or if a party had an opportunity to contest subject matter jurisdiction and failed to do so."); *Zoriano Sanchez v. Caribbean Carriers Ltd.*, 552 F.2d 70, 72 (2d Cir. 1977); *see also Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 469 (5th Cir. 2013) ("It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal."); *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980).

When one federal court has determined, through a full and final adjudication, that it lacks subject matter jurisdiction, the same jurisdictional issue cannot be relitigated in another federal court. As the Second Circuit has stated:

It is clear from the facts in the present case that plaintiffs-appellants pressed the same claim, involving the same parties and arising out of the same circumstances, before the district court in New York as they did before the district court in Puerto Rico.

> **The issue of subject matter jurisdiction … was "actually litigated and determined by a valid and final judgment," and that determination having been essential to that judgment, appellants are precluded from raising the issue once again in the Southern District of New York**.

*Zoriano*, 552 F.2d at 72 (citing RESTATEMENT OF JUDGMENTS 2d, §68 (1973) (emphasis added)); *see also Goad v. United States*, 46 Fed. Cl. 395, 398 (Fed. Cl. 2000) ("Dismissals for lack of jurisdiction may be given res judicata effect as to the jurisdictional issue.") (quoting *Amgen, Inc. v. United States Int'l Trade Comm'n,* 902 F.2d 1532, 1536 n. 5 (Fed. Cir. 1990)); *Boone*, 617

5

F.2d at 436 ("Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merit so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims.").

Here, Bank's individual TCPA claim, involving the exact same parties and based on the exact same alleged single phone call, has been previously dismissed for lack of subject matter jurisdiction. That previous dismissal precludes Bank from maintaining the same TCPA claim here and requires dismissal of his TCPA claims once again.

**B.      Bank's Individual TCPA Claim is Moot**

Res judicata applies even though Bank's claims in the first action were dismissed on the jurisdictional ground of mootness. Bank's individual TCPA claim was moot in the Southern District of Texas and it is still moot here. Bank cannot "un-moot" the TCPA claim by re-filing it in a new court.

In the Second Circuit, like the Fifth Circuit, an unaccepted Rule 68 offer that completely satisfies a plaintiff's claim moots the claim, thus divesting the court of subject matter jurisdiction. *See, e.g., Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 81 (2d Cir. 2013) ("Consequently, we agree with the district court that Doyle's refusal to settle the case in return for Midland's offer … notwithstanding Doyle's acknowledgment that he could win no more, was sufficient ground to dismiss this case for lack of subject matter jurisdiction.") "In particular, if a defendant consents to judgment in the maximum amount for which the defendant could be held liable, 'there is no justification for taking the time of the court and the defendant in the pursuit of ... claims which [the] defendant has more than satisfied.'" *Id*. at 80 (citing *Abrams v. Interco Inc.,* 719 F.2d 23, 32 (2d Cir. 1983)); *Briggs v. Arthur T. Mott Real Estate LLC*, No. 06-0468, 2006 WL 3314624, at *4 (E.D.N.Y. Nov. 14, 2006) ("Where, as here, a defendant offers all that

6

a plaintiff could hope to recover through litigation, the plaintiff has no legally cognizable interest or personal stake ... and "there is no justification for taking the time of the court and defendant in the pursuit of a minuscule claim which defendant has ... satisfied.'") (quoting *Abrams v. Interco, Inc.,* 719 F.2d 23, 32 (2d Cir. 1983) (citation omitted)); *Ward v. Bank of New York*, 455 F. Supp. 2d 262, 270 (S.D.N.Y. 2006).

Bank's individual TCPA claim was mooted in the prior litigation, resulting in a Final Judgment dismissing the claim for lack of subject matter jurisdiction. Pergament Decl., Ex. 5. By re-asserting his individual TCPA claim in this Court, Bank is attempting to re-litigate precisely the same jurisdictional issue—whether the unaccepted Rule 68 offer moots his individual TCPA claim. Judge Harmon already determined that Bank's refusal to accept an offer of judgment in full satisfaction of his claims divested the federal court of subject matter jurisdiction. Pergament Decl., Ex. 4, at p. 11. As Judge Harmon found, Bank's refusal to accept the offer of judgment mooted his claims because there is no longer a case or controversy. Nothing has changed to revive that case or controversy.

Although Judge Harmon properly relied on Fifth Circuit precedent to come to that conclusion, the result would be no different under Second Circuit law. Because Bank's individual TCPA claim is moot under either Fifth Circuit or Second Circuit law, no federal court—whether located in Texas or New York—has subject matter jurisdiction over that claim and it must be dismissed.

      C.     **Bank Cannot Maintain TCPA Class Claims**

Bank's *class action* TCPA claims also must be dismissed because he has no live *individual* TCPA claim. A federal court has no jurisdiction over a moot claim, because there is no case or controversy within the meaning of Article III. *Doyle*, 722 F.3d at 80 ("Under Article III of the U.S. Constitution, '[w]hen a case becomes moot, the federal courts lack subject matter

7

jurisdiction over the action.'" (quoting *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994))). The filing of a suit as a class action does not relax the jurisdictional requirements of Article III. *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006) (citing *Allen v. Wright,* 468 U.S. 737, 750 (1984) (discussing standing requirement in class action context)). "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself [or herself] or any other member of the class." *Presser v. Key Food Stores Co-Op., Inc.*, 316 F. App'x 9, 12 (2d Cir. 2009) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)); *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106 n.5 (2d Cir. 2008) (quoting *Warth v. Seldin,* 422 U.S. 490, 502 (1975)) ("Unless [class action plaintiffs] can thus demonstrate the requisite case or controversy between themselves personally and defendants, none may seek relief on behalf of himself or any other member of the class." (internal quotation marks and alterations omitted)); *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 101 n.7 (2d Cir. 2007) ("If the named plaintiff seeking to represent a class fails to establish the requisite case or controversy, he may not seek relief on his behalf or on that of the class." (quoting *Lynch v. Baxley,* 744 F.2d 1452, 1456 (11th Cir. 1984))). In other words, as one district court has explained, "the Court must first ascertain whether a named plaintiff possesses the requisite 'personal stake' in the outcome of the litigation (conferring general power to litigate) and next, whether the separate criteria established under Rule 23 are met (conferring authorization to litigate on behalf of a similarly situated group)." *PBA Local No. 38 v. Woodbridge Police Dep't*, 134 F.R.D. 96, 100 (D.N.J. 1991) (citing H. Newberg, *Newberg On Class Actions* § 2.05 (2nd Ed. 1985)). Here, Bank has no "personal stake" in litigating the TCPA

8

claims asserted in this action, because his individual TCPA claim is moot and barred by res judicata. Therefore, the "general power to litigate" the TCPA claims is fatally absent. *See Id*.

### D. Bank's TCPA Claims Are Barred by Collateral Estoppel

In the alternative, Bank's claims are also precluded by the doctrine of collateral estoppel. Collateral estoppel "bars a party from relitigating in a second proceeding an issue of fact or law that was litigated and actually decided in a prior proceeding if that party had a full and fair opportunity to litigate the issue in the prior proceeding …." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284, n.5 (2d Cir. 2000). Collateral estoppel applies to a given issue if: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Bear, Stearns & Co., Inc., Bear, Stearns Securities Corp., v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir. 2005).

The elements of collateral estoppel are met with respect to the Court's lack of subject matter jurisdiction over Bank's individual TCPA claim. The following issues were raised in the Texas litigation: (1) whether Spark Energy's Rule 68 offer completely satisfied Bank's claims; (2) whether Bank's refusal to accept the offer mooted Bank's individual claim; and (3) whether the court had subject matter jurisdiction over the individual TCPA claim. *See* Exhibit 4, at p. 22. These issues were actually litigated in the previous Texas proceeding, and Bank had a full and fair opportunity to litigate these issues. *See generally* Exhibit 4 (discussing the parties' arguments and extensive briefing). Finally, the resolution of each issue above was necessary to support a valid and final judgment. Exhibit 5. By filing a new lawsuit in this Court and asserting the same individual TCPA claim, Bank is collaterally attacking the Texas court's resolution of all of the issues listed above. Collateral estoppel prevents Bank from relitigating

these issues and provides a further basis for dismissal of his TCPA claims. *Monahan,* 214 F.3d at 284, n.5; *Bear, Stearns & Co.*, 409 F.3d at 91.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion to Dismiss, and dismiss Plaintiff's TCPA claims with prejudice pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, and grant any other and further relief that this Court deems just and proper at law or in equity, including costs, attorney's fees, or other appropriate relief.

Dated:   March 7, 2014                                    Respectfully submitted,


                                                          */s/ Benjamin Pergament*
                                                          Benjamin Pergament
                                                          BAKERHOSTETLER, LLP
                                                          45 Rockefeller Plaza
                                                          New York, New York 10111
                                                          (212) 589-4200
                                                          (212) 589-4201 (fax)
                                                          bpergament@bakerlaw.com

                                                          Of Counsel:

                                                          Michelle D. Pector
                                                          Joshua C. Thomas
                                                          BAKERHOSTETLER, LLP
                                                          811 Main Street, Suite 1100
                                                          Houston, Texas 77002
                                                          Tel: 713 751-1600
                                                          Fax: 713 751-1717
                                                          mpector@bakerlaw.com

                                                          *Attorneys for Defendants Spark Energy*
                                                          *Holdings, LLC, Spark Energy, L.P., and Spark*
                                                          *Energy Gas, LP*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served on Todd C. Bank via e-mail on this the 7th day of March, 2014.

                                            /s/ Benjamin Pergament