UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X
                                        :

TODD C. BANK,                            :

                            :        13-CV-6130 (ARR) (LB)

             Plaintiff,           :

                            :        <u>NOT FOR ELECTRONIC</u>

       -against-                :        <u>OR PRINT PUBLICATION</u>

                            :

SPARK ENERGY HOLDINGS, LLC, SPARK       :        <u>OPINION AND ORDER</u>
ENERGY, L.P., and SPARK ENERGY GAS, LP,    :

                            :

             Defendants.        :

                            :

--------------------------------------------------------------------- X

ROSS, United States District Judge:

       Plaintiff Todd C. Bank, an attorney proceeding <u>pro se</u>, brings this individual and putative

class action against defendants Spark Energy Holdings, LLC, Spark Energy, L.P., and Spark

Energy Gas, LP (collectively, "Spark Energy"). Plaintiff asserts claims under the Telephone

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and New York state law.

       Now before the court is defendants' motion to dismiss plaintiff's TCPA claims pursuant

to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue that plaintiff's

TCPA claims were previously litigated and dismissed in a suit in the Southern District of Texas,

and therefore the principles of <u>res judicata</u> and collateral estoppel require the dismissal of

plaintiff's TCPA claims in this suit. Plaintiff opposes the motion and seeks leave to move for

class certification.

       For the reasons set forth below, defendants' motion to dismiss is denied, and plaintiff is

granted leave to move for class certification.

## BACKGROUND

Plaintiff filed this complaint on November 4, 2013, alleging that defendants "have made, or authorized to be made, thousands of unsolicited telemarketing calls to residential telephone lines" to advertise their gas- and electric-billing services. Compl., Dkt. #1, ¶ 1. Plaintiff asserts that he received one of these unsolicited telemarketing calls to his New York telephone number on October 4, 2011. Id. ¶¶ 13-14.

Plaintiff alleges that the calls violated the TCPA's prohibition on "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B). He asserts TCPA claims individually and on behalf of a class of all individuals who received one or more of these calls during the four-year period prior to the commencement of this action. Compl. ¶¶ 3, 21-24. Plaintiff also alleges that the calls violated a New York state law requiring that all calls made through an automatic-dialing-announcing device disclose the name, address, and telephone number of the person on whose behalf the calls are transmitted. N.Y. Gen. Bus. Law § 399-p(3)(a); Compl. ¶¶ 19-20. Plaintiff asserts New York state law claims individually and on behalf of a class of all individuals who received one or more of these calls on a New York telephone number during the three-year period prior to the commencement of this action. Compl. ¶¶ 4, 25-28. Plaintiff seeks statutory damages, injunctive relief, attorney's fees, and costs.

Plaintiff previously brought a suit in the Southern District of Texas asserting TCPA claims against the same defendants. See Bank v. Spark Energy Holdings LLC, 4:11-CV-4082 (S.D. Tex.). Plaintiff's suit in Texas, filed on November 21, 2011, challenged the same unsolicited telemarketing call to his telephone line on October 4, 2011, and asserted TCPA claims on behalf of himself and a class of individuals who had received similar calls. Decl. of

Benjamin D. Pergament ("Pergament Decl."), Dkt. #17, Ex. 1. On May 10, 2013, defendants

made an offer of judgment to plaintiff pursuant to Federal Rule of Civil Procedure 68. Pergament

Decl., Ex. 2. On May 15, 2013, plaintiff notified defendants by e-mail that he declined to accept

the offer. Pergament Decl., Ex. 3.

On October 18, 2013, the district court in Texas dismissed plaintiff's suit on mootness

grounds. Pergament Decl., Ex. 4. The court stated that, under Fifth Circuit law, if a defendant

makes a Rule 68 offer that would provide the plaintiff with complete relief, the offer renders the

plaintiff's claim moot because he no longer has a personal stake in the outcome of the litigation.

Id. at 4 (citing Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 921 n.5 (5th Cir. 2008)). In

opposing dismissal, plaintiff did not dispute that defendants' Rule 68 offer would have provided

full satisfaction of his individual claim. Id. at 15. The Texas court had to address whether

plaintiff's suit could nevertheless go forward because he also asserted a class action claim.

The court noted the "well settled" principle that a class action does not become moot if

the named plaintiff's individual claim becomes moot after the court has certified a class. Id. at

12. Fifth Circuit law also allowed a class action to go forward as long as a timely filed motion for

class certification was pending when the named plaintiff's individual claim became moot, even if

the class had not yet been certified. Id. at 13. In plaintiff's case, however, almost two years after

the commencement of the action, a class had not been certified and no motion for certification

was pending. Instead, plaintiff had filed a motion seeking an extension of time to move for class

certification. Id. at 15. Under the general Fifth Circuit rule, if a defendant makes "a Rule 68 offer

that satisfies the entirety of a named plaintiff's claims, where no class has been certified, and

where no exceptions apply, both the named plaintiff's claims and the class action become moot."

Id. at 5 (citing Murray v. Fid. Nat'l Fin., Inc., 594 F.3d 419, 421 (5th Cir. 2010)).

Plaintiff argued that an exception should apply in his case. In the analogous context of Fair Labor Standards Act ("FLSA") collective actions, the Fifth Circuit recognized certain situations where a motion for class certification could relate back to the date of the filing of the complaint. Id. at 16 (citing Sandoz, 553 F.3d at 919-20). This exception was designed to prevent defendants from avoiding a collective action by quickly tendering Rule 68 offers to the named plaintiffs, mooting their individual claims and thereby rendering the collective action moot before the plaintiffs had a chance to certify the class. Id. Plaintiff argued that, if the court granted his motion for an extension of time to move for class certification, his anticipated motion would relate back to the filing of his complaint and precede defendants' Rule 68 offer. Id. at 21.

The district court in Texas held that plaintiff could not benefit from the relation back exception. Even if the rule could be invoked in Rule 23 class actions as well as FLSA collective actions, it only applied when the plaintiff diligently pursued class certification in a timely manner but did not have the opportunity to move for certification before the defendant made a Rule 68 offer. Id. at 16-17. In the Texas case, defendants had waited eighteen months to make a Rule 68 offer. Id. at 17. Plaintiff had never moved for class certification during that period and had not yet identified a single class member. Id. at 17. The district court found that plaintiff had not "diligently pursued certification" and could not invoke the relation back exception. Id. at 21.

Therefore, the district court held that the general Fifth Circuit rule applied to plaintiff's case. Since plaintiff rejected a Rule 68 offer that would have satisfied the entirety of his individual claim, and since no class had been certified and no motion for certification had been filed, both plaintiff's individual claim and the class action became moot. Id. at 22. The court lacked subject matter jurisdiction over the action because all of the claims were moot. Id. The court issued a Final Judgment dismissing plaintiff's claims "with prejudice in their entirety."

Pergament Decl., Ex. 5.

Based on the dismissal of plaintiff's TCPA claims in the Texas suit, defendants now move to dismiss plaintiff's TCPA claims in this action on the grounds of res judicata and collateral estoppel. Dkt. #14.

**DISCUSSION**

"Res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." Thompson v. Cnty. of Franklin, 15 F.3d 245, 253 (2d Cir. 1994). Dismissal on res judicata grounds is appropriate if "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000).

Defendants argue that the Southern District of Texas ruling should have preclusive effect in this action and requires dismissal of plaintiff's TCPA claims. "The preclusive effect of a federal-court judgment is determined by federal common law." Taylor v. Sturgell, 553 U.S. 880, 891 (2008). The federal common law doctrine of res judicata incorporates two separate types of preclusion: claim preclusion and issue preclusion. Id. at 892. "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Id. (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). By contrast, under the doctrine of issue preclusion, also referred to as collateral estoppel, "an issue of fact or law, actually litigated and resolved by a valid final judgment, binds the parties in a subsequent action, whether on the same or a different claim." Baker by Thomas v. Gen. Motors Corp., 522 U.S. 222, 233 n.5 (1998).

**I.      Claim Preclusion**

In order for claim preclusion to bar a later suit, the prior decision must have been "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007) (quoting In re Teltronics Servs., Inc., 762 F.2d 185, 190 (2d Cir. 1985)).

In this case, defendants cannot satisfy the first requirement to invoke claim preclusion because the Southern District of Texas court dismissed plaintiff's TCPA claims on jurisdictional grounds. "[A] dismissal for lack of subject matter jurisdiction is not an adjudication of the merits, and hence has no [claim preclusive] effect." St. Pierre v. Dyer, 208 F.3d 394, 400 (2d Cir. 2000); see also 18A Charles A. Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 4436 (2d ed.) [hereinafter Wright & Miller] ("The basic rule that dismissal for lack of subject-matter jurisdiction does not preclude a second action on the same claim is well settled."). This general rule applies where, as here, the prior court based the jurisdictional dismissal on a finding that the claims were moot. See Payne v. Panama Canal Co., 607 F.2d 155, 158 (5th Cir. 1979) ("The dismissal without prejudice of the prior actions on grounds of mootness does not serve as a final adjudication on the merits so as to bar this action."); N. Sims Organ & Co., Inc. v. S.E.C., 293 F.2d 78, 82 (2d Cir. 1961) ("It is well settled that the dismissal of a case because it is moot does not lay a basis for the application of the doctrine of [claim preclusion]."); Maysonet v. Citi Grp., Inc., No. 10 Civ. 4616(SAS), 2011 WL 476610, at *4 (S.D.N.Y. Feb. 9, 2011) (arbitrator's dismissal of employment discrimination suit on mootness grounds because employer had re-hired plaintiff was not a decision on the merits and did not preclude federal suit); Hell's Kitchen Neighborhood Ass'n v. Bloomberg, No. 05 Civ. 4806(SHS), 2007 WL 3254393, at *4 & n.2

(S.D.N.Y. Nov. 1, 2007) (collecting cases holding that dismissal on mootness grounds is not a final determination on the merits).

The fact that the Texas court dismissed plaintiff's claims "with prejudice" does not alter the analysis. "[A] court does not usually 'get to dictate to other courts the preclusion consequences of its own judgment.'" Smith v. Bayer Corp., 131 S. Ct. 2368, 2375 (2011) (quoting 18 Wright & Miller § 4405); accord Covanta Onondaga Ltd. v. Onondaga Cnty. Res. Recovery Agency, 318 F.3d 392, 398 (2d Cir. 2003). Therefore, "a court's statement that a decision was rendered 'with prejudice' does not determine preclusive effect." New Eng. Health Care Emps. Welfare Fund v. iCARE Mgmt., LLC, 886 F. Supp. 2d 82, 89 (D. Conn. 2012); see Hell's Kitchen Neighborhood Ass'n, 2007 WL 3254393, at *5-*6 (finding that state court's dismissal of action "with prejudice" did not bar subsequent action where court based its dismissal on mootness grounds); cf. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 506 (2001) (holding that district court's dismissal "on the merits and with prejudice" on statute of limitations grounds barred refiling the same claim in the same court but did not bar refiling in a different court where a different statute of limitations applied). Even though the Texas court entered an order dismissing the suit "with prejudice," the court's opinion makes clear that the dismissal rested on a finding of mootness that deprived the court of subject matter jurisdiction over plaintiff's claims.

Accordingly, since the Southern District of Texas's jurisdictional dismissal was not an adjudication on the merits, the doctrine of claim preclusion does not bar plaintiff from filing a new suit on his TCPA claims.

7

**II.      Issue Preclusion**

Even though defendants cannot satisfy the requirements to invoke claim preclusion,

defendants argue that the Texas court's ruling should still be given res judicata effect under the

doctrine of issue preclusion. As defendants argue, since the Texas court determined that

plaintiff's individual TCPA claim was moot, the doctrine of issue preclusion should bar plaintiff

from relitigating that issue here, and therefore plaintiff's individual TCPA claim in this suit must

also be dismissed as moot. Defs.' Mem. of Law in Supp. of Mot. to Dismiss, Dkt. #15, at 7.

While a dismissal on jurisdictional grounds has no claim-preclusive effect, the doctrine of

issue preclusion bars relitigation of the specific issues that the prior court decided in reaching its

jurisdictional determination. See St. Pierre, 208 F.3d at 401 (prior dismissal for lack of standing

did not bar subsequent claim but did bar relitigation of specific finding that plaintiff was not loss

payee on insurance policy). In order to invoke the doctrine of issue preclusion, defendants must

establish that "(1) the identical issue was raised in a previous proceeding; (2) the issue was

actually litigated and decided in the previous proceeding; (3) the party had a full and fair

opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a

valid and final judgment on the merits." Uzdavines v. Weeks Marine, Inc., 418 F.3d 138, 146 (2d

Cir. 2005) (internal quotation marks omitted).

Accordingly, the Texas court's determination that plaintiff's TCPA individual claim was

moot has issue-preclusive effect in this action only if this suit presents a jurisdictional issue that

is identical to the issue that the Texas court decided. See Stengel v. Black, 486 F. App'x 181,

183 (2d Cir. 2012) ("Although a dismissal for lack of jurisdiction is not an adjudication of the

merits of a claim, such a dismissal precludes re-litigation of the issue it decided.") (internal

citation omitted); Hell's Kitchen Neighborhood Ass'n, 2007 WL 3254393, at *4 (dismissal on

mootness grounds has "limited" preclusive effect as to "the ground upon which the dismissal is predicated") (internal quotation marks omitted); 18A Wright & Miller § 4436 (dismissal for lack of jurisdiction "remains effective to preclude relitigation of the precise issue of jurisdiction or venue that led to the initial dismissal").

I find that the identical jurisdictional issue is not presented here because the prior court's determination of mootness relied on particular factual circumstances that are not the same as the facts presented in this suit. In the Texas case, the court decided that plaintiff's individual TCPA claim was moot because plaintiff had rejected a Rule 68 offer that would have provided complete relief on his claim.[1] In this suit, defendants have not made any Rule 68 offer, so the court is not presented with the same factual scenario. Since the first requirement to establish issue preclusion is not satisfied, the Texas court's prior finding of mootness does not require the dismissal of plaintiff's claim as moot in this action.

This case is distinguishable from all of the cases cited by defendants where prior dismissals on jurisdictional grounds had issue-preclusive effect in later suits. In all of those cases, the courts found that the factual circumstances underpinning the prior dismissal still applied in the subsequent suit, so the doctrine of issue preclusion required dismissal of the second action. For example, in Stengel, three prior courts had determined that the state long-arm statute did not authorize New York courts to exercise personal jurisdiction over the plaintiff's

---

[1] I note that the circuits are split on this issue. See Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 & n.3 (2013) (recognizing the circuit split but finding the question not properly before the court); Diaz v. First Am. Home Buyers Protection Corp., 732 F.3d 948, 952-53 & n.5 (9th Cir. 2013) (discussing the various positions of the courts of appeals). The Texas court followed Fifth Circuit law, which holds that a rejected Rule 68 offer for complete relief moots the claim and results in dismissal. Sandoz, 553 F.3d at 921 & n.5. The Second Circuit agrees that a rejected Rule 68 offer for complete relief can render a plaintiff's claim moot but holds that, rather than dismissing plaintiff's claim outright, the court should enter judgment in favor of the plaintiff in the amount of the defendant's offer. Cabana v. Crowley, 736 F.3d 226, 228 (2d Cir. 2013) (per curiam) ("[T]he typically proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer.") (citing McCauley v. Trans Union, L.L.C., 402 F.3d 340, 342 (2d Cir. 2005)). The Ninth Circuit has adopted the position of the Genesis Healthcare dissent and held that an unaccepted Rule 68 offer can never render a plaintiff's claim moot. Diaz, 732 F.3d at 954-55.

claims against the defendant. 486 F. App'x at 182-83. The court found that this determination

had preclusive effect and barred a new suit where plaintiff did not claim "that the facts relevant

to [the defendant's] amenability to New York long-arm jurisdiction had changed since the prior

cases were decided." Id. at 183. Similarly, in Harmon v. Berry, the prior court had dismissed a

prisoner's claims regarding denial of access to the law library as moot because the prisoner had

been transferred to a different institution. 776 F.2d 259, 260 (11th Cir. 1985). The Eleventh

Circuit held that the prisoner was precluded from bringing a subsequent suit on the same claim

because he was still in a different institution, so he could identify "nothing that differentiates the

present claim from the one in the previous suit." Id.; see also Comer v. Murphy Oil USA, Inc.,

718 F.3d 460, 469 (5th Cir. 2013) (prior ruling that plaintiffs lacked standing and that claims

were not justiciable under political question doctrine has preclusive effect in subsequent suit by

same plaintiffs on same claims); Zoriano-Sanchez v. Caribbean Carriers Ltd., 552 F.2d 70, 72

(2d Cir. 1977) (prior dismissal due to lack of jurisdiction under relevant statute had preclusive

effect in subsequent suit involving same claim and same parties).[2] Here, by contrast, the relevant

facts on which the Texas court relied in reaching its finding of mootness—plaintiff's rejection of

a Rule 68 offer that would have provided complete relief—are not identical to the facts presented

---

[2] Defendants also cite Hell's Kitchen Neighborhood Association, in which the plaintiffs had filed a prior state court action challenging a proposed redevelopment project that included a new football stadium. After the city dropped the stadium from the plan, the state court dismissed the suit as moot because it found that the "main focus" of the plaintiffs' challenge was the environmental impact of the stadium. 2007 WL 3254393, at *5. When plaintiffs brought a subsequent federal suit challenging other aspects of the redevelopment project, the federal court held that the prior dismissal on mootness grounds did not preclude the new suit. Id. at *6. The federal court noted that the prior state court ruling could only have preclusive effect regarding the specific issue that it decided, i.e., the mootness of the claims regarding the stadium. Id. Defendants argue that plaintiff's individual TCPA claim is analogous to the claims regarding the stadium in Hell's Kitchen Neighborhood Association: the claim was rendered moot in a prior suit, and that finding of mootness should be given preclusive effect in a subsequent suit. Defs.' Reply Mem. of Law ("Reply"), Dkt. #18, at 12-13. Yet defendants read Hell's Kitchen Neighborhood Association too broadly. The court did not suggest that plaintiffs' claims regarding the proposed stadium would be moot forever, under any circumstances. Rather, the claims were moot only because the proposed stadium had been dropped from the redevelopment project. If the city decided to reinstitute the stadium plan, the claims would no longer have been moot. Therefore, Hell's Kitchen Neighborhood Association states the same proposition as Stengel and Harmon: a dismissal on jurisdictional grounds will have preclusive effect only if the same determinative facts that led to the dismissal in the prior case are presented in a subsequent case.

in this suit, where no Rule 68 offer has been made.

Defendants argue that the doctrine of issue preclusion should nevertheless apply because the Rule 68 offer that defendants made in the Texas suit "forever mooted" plaintiff's individual TCPA claim. Defs.' Reply Mem. of Law ("Reply"), Dkt. #18, at 2. Under the plain language of Rule 68, however, when plaintiff rejected defendants' Rule 68 offer in the Texas suit, it was "considered withdrawn." Fed. R. Civ. P. 68(b).[3] Defendants have not proffered, nor has the court found, any authority to suggest that a Rule 68 offer made to plaintiff in a prior suit can render his claim moot in a subsequent suit where no Rule 68 offer has been made.[4] I see no reason why a dismissal on mootness grounds based on a rejected Rule 68 offer would operate differently from a dismissal on mootness grounds for any other reason: the dismissal has no claim-preclusive effect, and it has issue-preclusive effect only where the identical factual circumstances are presented in a subsequent case.

Ultimately, defendants' position is that plaintiff should not be able to raise his individual TCPA claim in this action because the same claim was already found moot in a prior case. As defendants argue, "Bank's individual TCPA claim was rendered moot in Texas, and it is still moot here." Reply 2. I am sympathetic to defendants' position: they litigated plaintiff's TCPA claims for almost two years in Texas, successfully moved to have the suit dismissed, and are now facing the same TCPA claims here. Defendants' argument is flawed, however, because it

---

[3] Evidence of an unaccepted Rule 68 offer is "not admissible except in a proceeding to determine costs." Fed. R. Civ. P. 68(b). If the plaintiff obtains a judgment that is not more favorable than the unaccepted offer, the plaintiff must pay the defendant's costs incurred after the offer was made. Fed. R. Civ. P. 68(d).

[4] Defendants cite Doyle v. Midland Credit Management, Inc., which held that an offer for complete relief can render a claim moot even if it is given orally and does not comply with the formal requirements of Rule 68. 722 F.3d 78, 81 (2d Cir. 2013) (per curiam). Defendants argue that "[i]f, as the Second Circuit found in Doyle, an offer does not need to comply with the formalities of Rule 68 to moot a case, it follows that an offer made in one case that is sufficient to moot that case, has the same effect in a subsequent case." Reply 7. Yet this argument is a non sequitur. Doyle held only that the plaintiff's claim in the pending case became moot; the court said nothing about the effect of a rejected Rule 68 offer in subsequent litigation. Moreover, in another case, the Second Circuit suggested, albeit in dicta, that a rejected Rule 68 offer "would have no preclusive effect in other litigation." McCauley, 402 F.3d at 342.

conflates the doctrines of claim preclusion and issue preclusion.  A finding that a claim is moot

in one case simply does not mean that claim is moot in all subsequent cases. For the reasons

already stated, a dismissal on mootness grounds is not an adjudication on the merits, so the

doctrine of claim preclusion does not bar plaintiff from re-filing the same claim in a new suit.

The Texas ruling would have res judicata effect under the doctrine of issue preclusion only if the

identical jurisdictional issue is presented in the subsequent case. Since the determinative facts

underpinning the prior court's finding of mootness—a rejected Rule 68 offer for complete

relief—are not presented in this action, defendants cannot invoke issue preclusion here.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's TCPA claims on the

grounds of res judicata and collateral estoppel is denied.

Plaintiff has filed a pre-motion letter requesting leave to move for class certification

pursuant to Federal Rule 23. Dkt. #12. Defendants opposed the request primarily on the grounds

that they would be seeking dismissal of plaintiff's individual TCPA claim. Dkt. #13.

In light of the denial of defendants' motion to dismiss, the court grants plaintiff

permission to bring the motion for class certification. In briefing the motion, the court directs

plaintiff to address the issues raised in defendants' response to his pre-motion request. First,

defendants assert that plaintiff was unable to identify a single class member, other than himself,

in the two years of litigating the same TCPA claims in Texas. In bringing the motion for class

certification, plaintiff must satisfy the numerosity requirement by identifying a class of people

who received unsolicited telemarketing calls from defendants. Second, plaintiff should address

whether he, as a pro se plaintiff, can serve as class counsel. See Rodriguez v. Eastman Kodak

<u>Co.</u>, 88 F. App'x 470 (2d Cir. 2004) ("[I]t is well established that a <u>pro</u> <u>se</u> class representative cannot adequately represent the interests of other class members.") (internal quotation marks omitted).

If either party seeks discovery with regard to class certification, the party should request a conference before Magistrate Judge Bloom. If neither party seeks discovery, the motion for class certification shall be briefed according to the following schedule: plaintiff's motion and supporting papers shall be served no later than July 7, 2014; defendants' opposition papers shall be served no later than July 14, 2014; plaintiff's reply papers, if any, shall be served and the fully-briefed motion filed no later than July 18, 2014. This schedule may be altered only with the permission of the court.

SO ORDERED.

___/s/_____
Allyne R. Ross
United States District Judge

Dated:        June 20, 2014
              Brooklyn, New York